MAX HAHN PACKING COMPANY v. W. S. SHAW.

Decided November 14, 1906.

**Pleading—Loan—Purchase of Stock.**

Plaintiff, suing to recover back money alleged to have been loaned to defendant, could not recover upon proof that it was paid to defendant to purchase certain shares of its corporate stock, though the same was never issued nor delivered to plaintiff, and where the evidence as to whether the transaction was a loan or a purchase was conflicting it was error to direct a verdict for plaintiff.

Appeal from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*Harry P. Lawther,* for appellant.—Where the evidence is conflicting the case should be submitted to the jury. Choate v. San Antonio & A. P. Ry. Co., 91 Texas, 406; Marchand v. Gulf, C. & S. F. Ry. Co., 48 S. W. Rep., 779; Lindsay v. Murphy, 48 S. W. Rep., 532; Lee v. International & G. N. Ry., 36 S. W. Rep., 63; Joske v. Irvine, 44 S. W. Rep., 1059; Rogers v. Broadnax, 24 Texas, 592; Williams v. Davidson, 43 Texas, 39; Ellis v. Rosenberg, 29 S. W. Rep., 520; Supreme Council of A. L. of H. v. Anderson, 61 Texas, 301.

*W. A. Kemp,* for appellee.—There being no evidence that defendant had complied with its contract by transferring to plaintiff the ten shares of stock alleged to have been purchased by him, either by an entry on the books of the company, or by the continued tender of the certificates, plaintiff was entitled to rescision of the alleged contract and the return of the $1,000 deposited by him. Rev. Stats., art. 666; Cook's Stock and Stockholder's (2d ed.), 456; Taylor on Private Corporations, sec. 511.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant, a private corporation, to recover $1,000 and interest thereon, alleged to have been loaned by the plaintiff to the defendant. The defendant filed an answer, which included a general denial, and a special plea to the effect that the $1,000 delivered by the plaintiff to the defendant was in payment for ten shares of stock of the value of $100 each, which the plaintiff had contracted to purchase from the defendant. The plaintiff's testimony followed and sustained the averments of his petition, while the testimony of Max Hahn, who seems to have been the defendant's general manager, followed and sustained the defendant's answer.

The trial court instructed the jury that it was immaterial whether the delivery of the $1,000 to the defendant was intended as a loan or to purchase stock in the corporation, and that the plaintiff was, in either event, entitled to a verdict for $1,000, with legal interest thereon. That instruction is assigned as error, and we sustain the assignment. If the plaintiff told the truth about the transaction he was entitled to recover; but if the defendant's witness Max Hahn, with whom the plaintiff says the contract was made, told the truth, then the plaintiff's testimony was false, and the money was not delivered as a loan and he was not entitled to a judgment recovering it as a loan. If, as Max Hahn testified, there was an unconditional contract for the sale to the plaintiff of 10 shares of stock in the corporation, and if the plaintiff delivered the $1,000 to Max Hahn in payment for the stock, then the transaction was not a loan, although the stock may never have been issued and delivered to the plaintiff. The plaintiff had no pleadings that would authorize a recovery for breach of contract to deliver the stock, and his case was limited solely to the question of loaned money.

This disposes of the only question involved in the appeal; and for the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*